# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,                         :
                Petitioner    :
                              :
      v.                        :  No. 1425 C.D. 2017
                              :  Submitted: October 5, 2018
Pennsylvania Department of Health,      :
           Respondent         :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
               HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**             **FILED: December 21, 2018**

Alton D. Brown (Requester), representing himself, petitions for review from the Office of Open Records' (OOR) order denying his appeal of the Department of Health's (Department) response to his request under the Right-to-Know Law (RTKL).[1] Specifically, he argues the record disclosed was not complete or responsive, resulting in an overcharge for non-responsive records. After review, we affirm.

## I. Background

As an inmate at the State Correctional Institution (SCI) at Greene, Requester has limited access to records that are posted on agency websites. Requester sought from the Department a copy of "the last <u>annual</u> 'Pennsylvania Cancer Plan/Pennsylvania Comprehensive Cancer Control Plan.'" Certified Record (C.R.) at Item No. 1 (Request) (emphasis added). Although it posts annual reports on its website, the Department sent Requester a 43-page, five-year "Cancer Control Plan" (Plan) in response. <u>Id.</u>

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101–67.3104.

Requester appealed to OOR, asserting the records he received were incomplete and non-responsive. Specifically, he asserted the annual report differs from the five-year Plan provided. He also challenged the fee charged under Section 1307(g) of the RTKL, 65 P.S. §67.1307(g), claiming he received only three pages.

OOR assigned the matter to an appeals officer, who received evidence from the Department. The Department submitted a verification of its Open Records Officer who attested that the only responsive record covered the years 2013 through 2018, which consisted of 43 pages. See C.R. at Item No. 3. The Open Records Officer also attested that she printed and mailed all 43 pages of the Plan to Requester, corroborated by the cost of mailing. Id. at ¶9.

After receiving the affidavit and examining the Department's website, the appeals officer emailed the Department inquiring why the "2015-2016 Cancer Annual Report" posted on its website was not responsive to the Request. C.R. at Item No. 4. The Department's counsel responded by email that the annual report detailed financial expenditures; thus, it was not the record described in the Request. Id. On its face, the email did not indicate that the Department sent a copy of it to Requester.[2]

In its final determination, OOR denied the appeal, determining the Department reasonably construed the Request. See Brown v. Dep't of Health, OOR No. AP 2017-1529 (filed September 11, 2017) (Final Determination). It concluded the Department granted access and requested payment for the record provided. OOR also determined the Department sent all 43 pages of the Plan to Requester.

---

[2] A copy of the appeals officer's inquiry was sent to Requester via U.S. Mail.

Requester filed a petition for review with this Court. After briefing,[3] the matter is ready for disposition.

## II. Discussion

On appeal,[4] Requester contends the Department did not send the record responsive to his Request for the most recent <u>annual</u> report. He also challenges the fee charged when he received only three pages of the 43-page Plan. Records in possession of a Commonwealth agency like the Department are presumed public unless they are exempt pursuant to Section 305 of the RTKL, 65 P.S. § 67.305. Here, the Department did not assert any exemptions, and arguably granted the Request.

This appeal raises two issues: (1) whether OOR erred in denying the appeal when Requester challenged the completeness of the record provided; and (2) whether the Department granted access despite Requester's alleged non-receipt of the entire Plan. The second issue implicates an additional question of whether a requester must pay a fee for records he deems non-responsive.

## A. Construction of the Request

First, we consider whether the Department appropriately construed the Request during the request stage when it sent a copy of the Plan, which spans five years, although the Request specified the "last annual" Plan. C.R. at Item No. 1. OOR determined that the Department reasonably construed the Request. We agree.

---

[3] Requester sought special relief to effectuate service of the Department's brief so he may file a reply brief. Although this Court granted relief, Requester did not submit a reply brief.

[4] In a RTKL appeal involving a Commonwealth agency, this Court has the discretion to rely upon the record created below or to create its own. <u>Dep't of Labor & Indus. v. Heltzel</u>, 90 A.3d 823 (Pa. Cmwlth. 2014) (<u>en banc</u>).

With the exception of the phrase "last annual," the language Requester used in the Request mirrors the title of the Plan provided. C.R., Item No. 1. There is no indication that the Department's construction of the Request was self-serving. Cf. Shuler v. Dep't of Corr. (Pa. Cmwlth., No. 237 C.D. 2016, filed November 1, 2016), 2016 WL 6441187 (unreported) (remanding to OOR to assess whether agency provided all responsive records to request seeking records other than privileged record agency identified). The Department provided the Plan, which, based on its knowledge of its records, was the record most responsive to the Request.

However, that does not resolve the issue before us on appeal. Requester challenged the completeness and accuracy of the response, specifically, whether the Plan was the only responsive record. Indeed, the Department posts a document entitled "Cancer Annual Report" on its website. See C.R., Item No. 4. In an email to the appeals officer, counsel for the Department described this report as follows: "The Cancer Annual Report is an entirely separate document which the PA Cancer Control, Prevention, and Research Advisory Board (CAB) provides to the Governor and the General Assembly every year, detailing financial expenditures." Id.

The Department did not indicate the existence or contents of the Cancer Annual Report until prompted by OOR. Further, despite existence of this annual report, the Department's affidavit attested the Plan "is the only record responsive to the [R]equest." C.R. at Item No. 3. This necessitated clarification during the appeal stage when the appeals officer examined the website and noticed the Cancer Annual Report. The appeals officer's inquiry indicates that a record other than the Plan, i.e., the Cancer Annual Report, was potentially responsive to the Request.

4

To avoid this confusion, the Department could have identified this record in its affidavit and explained its reason for not producing it to Requester. Counsel's email distinguishing the Cancer Annual Report from the Plan sought was not evidence, and it is unclear whether the Department sent the email explanation to Requester. Amending the affidavit to include this explanation, and serving it on Requester would have been appropriate. Nonetheless, we discern no error by OOR in determining the Department disclosed the Plan, which was the closest record to that described in the Request.[5]

## B. Completeness of Response

Next, we consider Requester's argument that he does not owe the Department for duplication of the Plan when he did not receive it.

The RTKL allows a requester to appeal from "the agency requiring the requester to pay an unreasonable fee for the records." Buehl v. Dep't of Corr. (Pa. Cmwlth., No. 198 C.D. 2015, filed July 27, 2015), slip op. at 3, 2015 WL 5458813, at *1 (unreported) (requester has right to appeal alleged overcharge for copies of blank pages); see also State Emps.' Ret. Sys. v. Office of Open Records, 10 A.3d 358 (Pa. Cmwlth. 2010). Pursuant to Section 1307 of the RTKL, an agency may charge fees for the cost of mailing and reasonable fees for duplication. See 65 P.S. §67.1307(a), (b)(1).

---

[5] To the extent the Department was not clear what Requester sought, it could have sought clarification prior to duplicating the Report. The alternative is problematic in that it allows an agency to construe a request, reasonably, but incompletely or incorrectly, and then charge a requester for copies of non-responsive records.

Here, the Department charged Requester the cost of mailing ($2.87) plus a per-page fee for duplication ($0.25 per page, totaling $10.75). These fees are permissible under Section 1307 of the RTKL.

However, Requester does not challenge the amount of the duplication fee, or that the Department charged him for postage and duplication fees. Rather, Requester claims the fee is unreasonable because it corresponds to duplication of 43 pages when he received only three pages. Complicating matters here, Requester is not in a position to assess whether the 43-page Plan was responsive because he received only three pages of it.

Nevertheless, OOR did not err in concluding that the Department satisfied its disclosure obligations when it mailed the 43-page Plan to Requester. The record demonstrates the Department copied and mailed 43 pages to Requester. See C.R. at Item No. 3 (Affidavit). There is no dispute that the Department used the proper address when it mailed the Plan because Requester acknowledges he received three pages. OOR then properly applied the legal presumption that mail sent to the proper address is received. Douglas v. Unemployment Comp. Bd. of Review, 151 A.3d 1188 (Pa. Cmwlth. 2016).

The RTKL does not impose a duty upon agencies to ensure a requester receives records sent to the proper address. See generally Chapters 7 and 9 of the RTKL, 65 P.S. §§67.701-67.905. Thus, the Department has no duty under the RTKL to ensure Requester actually received all 43 pages of the Plan it sent. It met its obligation by sending the record identified as responsive.

6

The problem here apparently is that Requester, an inmate at SCI Greene, is unable to personally retrieve his mail, and prison authorities may withhold it from him. In this scenario, the Department bears no fault for Requester's non-receipt of 40 pages of the Plan here.

### III. Conclusion

For the foregoing reasons, OOR's order denying Requester's appeal is affirmed.[6]

ROBERT SIMPSON, Judge

Judge Fizzano Cannon did not participate in the decision in this case.

---

[6] We note that while the final determination states Requester is required to pay the $13.62 fee, that is beyond the scope of this appeal. See Brown v. Dep't of Health, OOR No. AP 2017-1529 (filed September 11, 2017) at 5. OOR may only determine that the fee was permissible, and whether the Department complied with the RTKL. As OOR did not require payment of the fee in its order denying the appeal, we do not decide whether or by what means Requester may be required to pay the $13.62 fee.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,　　　　　　　　　 :
　　　　　　　　Petitioner　　　 :
　　　　　　　　　　　　　　　　:
　　　　v.　　　　　　　　　　 :　No. 1425 C.D. 2017
　　　　　　　　　　　　　　　　:
Pennsylvania Department of Health,　:
　　　　　　　　Respondent　　 :

# **O R D E R**

**AND NOW**, this 21st day of December, 2018, the order of the Office of Open Records is **AFFIRMED**.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　ROBERT SIMPSON, Judge